**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAED AL KHADER and HANI HASAN AHMAD EL KHADER a/k/a AL KHADER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-1355 |
| v. | ) ) ) | Judge Robert M. Dow, Jr. |
| ANTONY BLINKEN, United States Secretary of State, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Raed Al Khader ("Raed") and Hani Hasan Ahmed El Khader a/k/a Al Khader ("Hani") seek leave to file a second amended complaint for declaratory relief ("SAC") challenging the July 16, 2015 decision of the U.S. Consulate in Riyadh ("Consulate") denying Hani's immigrant visa application and finding him to be inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for a material misrepresentation. See [42]. Defendants have moved to dismiss the SAC. See [47]. For the reasons explained below, Plaintiffs' motion [42] and Defendants' motion [47] are both granted in part and denied in part. As explained below, Plaintiff is authorized to file a third amended complaint by March 23, 2021 limited to: (1) a claim that 22 C.F.R. § 42.43 required the Consulate to suspend action on Hani's petition and case and return the petition, with a report of the facts, for reconsideration by DHS; and (2) a request for relief in the form of an order requiring the Consulate to suspend action on Hani's petition and case and return the petition, with a report of the facts, for reconsideration by DHS. If Plaintiffs choose instead to stand on the current complaint, they should so inform the Court by the same date noted above and the Court will enter

a final and appealable judgment under Federal Rule of Civil Procedure 58 and terminate the case in this Court.

## I.      Background

The facts and claims set forth in the SAC are, for the most part, the same ones alleged in the original complaint and proposed amended complaint, which the Court dismissed in 16-page and 21-page opinions, respectively, based on the doctrine of consular nonreviewability.  See [32], [41].  Knowledge of those opinions is assumed here.  Very briefly summarized, Raed, a U.S. citizen, filed a Form I-140 immigrant visa petition seeking a visa for Hani, his non-citizen brother. U.S. Citizenship and Immigration Services ("USCIS") (an office of the U.S. Department of Homeland Security ("DHS")) approved the petition.  However, the Consulate, which must review the petition and decide whether to grant or deny a visa, denied Hani a visa on the basis that he was ineligible due to having allegedly engaged in marriage fraud years earlier, in a brief arranged marriage to Nadia Muna ("Muna"), which ended in divorce.

In 2018, Plaintiffs filed a complaint against the U.S. Secretary of State, the Department of State, the Consulate, the U.S. Secretary of Homeland Security, DHS, the U.S. Attorney General, and the U.S. Department of Justice ("Defendants").  The current iteration of Plaintiffs' complaint, the proposed SAC, contains five counts that are largely identical to the counts alleged in the earlier versions of the complaint.  In Count One, for violation of Due Process, Plaintiffs alleges that Raed "is a United States citizen who has a protected liberty interest in having his brother Hani be admitted into the U.S. based on the approved Form I-130 immigrant visa petition he filed for his brother."  [42-2] at 26.  Defendants' determination that Hani is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) allegedly violates "Raed's liberty interest to make personal choices regarding family matters free from unjustifiable government interference in violation of [his] right to

2

substantive due process" and "also violates … Raed's interest in having his brother Hani's immigrant visa application adjudicated in a manner consistent with procedural due process." [42-2] at 28.

However, compared to earlier versions of the complaint, Count One contains one significant addition. In this iteration, Plaintiffs further allege that, pursuant to 22 C.F.R. § 42.43, once the Consulate determined that Hani was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), it was required to suspend action and return the petition, with a report of facts, for reconsideration by DHS. Plaintiffs further allege (as they did previously) that "the consular officer had no authority to violate this regulatory procedure as the refusal of Plaintiff Hani's visa was under the exclusive authority of DHS, not the Department of State." [42-2] at 31 (citing 6 U.S.C. § 236(b)(1) and (c)(1)-(2)). Rather than follow this procedure, the SAC alleges, "the consular officer denied Plaintiff Hani's immigrant visa on the basis of alleged marriage fraud, thereby circumventing the process under regulations that would have provided Plaintiffs an opportunity and right to present additional evidence to rebut the allegations, in addition to an opportunity and right to appeal a revocation." [42-2] at 31-32 (citing 8 C.F.R. § 205.2).

In Count Two of the SAC, titled "Denial of Immigrant Visa Not Facially Legitimate and Bona Fide," Plaintiffs allege that the Court "has jurisdiction to adjudicate this case, notwithstanding the so-called doctrine of consular non-reviewability, because Defendants' denial of Hani's immigrant visa application was not based on a facially legitimate and bona fide reason." [42-2] at 32. Count Two asserts that "Defendants' denial of Hani's immigrant visa application based on marriage fraud is inconsistent with the USCIS's approval of Form I-130 filed by Plaintiff Raed" and therefore "is not facially valid." *Id.* at 33. Court Two further alleges that the denial of Hani's immigrant visa application based on marriage fraud was "not made in good faith." *Id.* at

34.  This claim is based on allegations that legacy INS "acted unfairly in revoking" Hani's Form I-140 petition "four years after it had been approved" and refused to allow Hani to review evidence in his A-file in order to respond to the NOIR, as allegedly required by legacy INS's regulations. *Id*. at 35.  Count Two also alleges that "USCIS continued to withhold relevant evidence" from Hani's A-file, which resulted in his filing a FOIA complaint with the U.S. District Court for the Northern District of Illinois in 2016.  *Id*. at 35-36.  According to the SAC, "[t]he records obtained in 2016 as a result of the most recent FOIA litigation that the legacy INS previously withheld from Hani corroborate that the legacy INS knew or should have known that he entered into a good faith marriage with Ms. Muna.  Specifically, the records contain a report from an interview with Ms. Muna in 2001, where she admits that she and Hani began a relationship according to Arabic and Islamic custom and that it was her parents' wishes for her to marry Plantiff Hani."  *Id*. at 36 (citing [2-5] at 42, exhibit MM).  Count Two adds an allegation that the Consulate's alleged failure to follow 22 C.F.R. § 42.43 and return the petition to DHS for reconsideration constituted bad faith. [42-2] at 37.  According to the SAC, Plaintiffs also have strong evidence that Hani is innocent of marriage fraud and the facts supporting the denial of Hani's application are in dispute.

In Count Three, for violation of the First Amendment's Free Exercise Clause, Plaintiffs allege that "Defendants' failure to adequately consider Plaintiff Hani's evidence that his marriage arrangement with Ms. Muna was common among Muslim and Arabic couples violated the free exercise clause of the First Amendment by discriminating on the basis of religion."  [42-2] at 41. Count Four, for violation of the Equal Protection Clause of the Fifth Amendment, is based on the same factual allegation.  See *id*. at 42.

In Count Five of the SAC, Plaintiffs allege that Defendants violated the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 704, and 706.  In particular, Plaintiffs assert that

4

"Defendants' legal determination that Plaintiff Hani is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) based on alleged marriage fraud is inconsistent with 8 U.S.C. § 1154(c) and Plaintiff Raed's approved Form I-130 filed on behalf of Plaintiff Hani and constitutes arbitrary and capricious agency action in violation of 5 U.S.C. § 706(2)(A)." [42-2] at 43. Defendants allegedly violated § 706(2)(D) by determining that Hani was inadmissible "without providing Plaintiffs an opportunity to rebut the allegations in revocation proceedings." *Id*. Finally, Defendants allegedly violated § 706(2)(E) and (F) because their finding that Plaintiff is inadmissible "is unsupported by substantial evidence and the facts." *Id*. In their prayer for relief, Defendants ask the Court to declare that Defendants' determination that Plaintiff is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) has no facially legitimate and bona fide basis and violates the First Amendment, the Equal Protection Clause, and the APA. Plaintiffs further seek a declaration that "Hani is not inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i)" and an injunction preventing "Defendants from barring Plaintiff Hani's admission into the United States." [42-2] at 44.

## II.    Legal Standard

A motion for leave to file an amended complaint should "freely" be granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted). Thus, leave to amend is freely given "'[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *Barry*

*Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

The Court "may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). It should be "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted'" before leave to amend is denied. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)); see also *Luvert v. Chicago Hous. Auth.*, 142 F. Supp. 3d 701, 706 (N.D. Ill. 2015). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002)).

For purposes of a motion to dismiss under Rule 12(b)(6), the Court "'accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Calderon–Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017) (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). However, the Court need not accept as true "'legal conclusions or unsupported conclusions of fact.'" *Community Bank of Trenton v. Schnuck Markets, Inc*., 887 F.3d 803, 825 (7th Cir. 2018) (quoting *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court reads the complaint and

assesses its plausibility as a whole.  See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## III.    Analysis

Defendants oppose Plaintiffs' motion for leave to file the SAC on the basis that Plaintiffs fail to state a claim upon which relief may be granted and allowing amendment would be futile. See [47].  To the extent that Plaintiffs are seeking relief from the Consulate's decision that Hani is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for a material misrepresentation, the Court agrees. In the current iteration of their complaint, that is all Plaintiffs ultimately seek: they ask the Court to declare that "Hani is not inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i)" and to "[e]njoin Defendants from barring Plaintiff Hani's admission into the United States under 8 U.S.C. § 1182(a)(6)(C)(i)." [42-2] at 44.  The Court cannot provide such relief, for all of the reasons set forth in the Court's prior opinions.  In short, Plaintiffs cannot overcome the doctrine of consular nonreviewability because they do not plausibly allege that the Consulate's denial was not facially legitimate and bona fide; the Consulate cited a proper statutory ground for denying Hani's application; the facts alleged do not plausibly support a conclusion that the Consulate denied the visa in bad faith; and the complaint attaches records that support the Consulate's decision.  See generally [32], [41].

Plaintiffs' proposed SAC makes one new allegation, however, that provides an adequate basis for allowing Plaintiffs to file a new, more limited third amended complaint, which they can then subject to the full adversary process if they so choose.  Plaintiffs argue that "[u]nder 22 C.F.R. § 42.43, the consular officer was required to suspend action and return the petition, with a report of facts, for reconsideration by DHS."  [42-2] at 30.  Plaintiffs contend that the Consulate "had no authority to violate this regulatory procedure as the refusal of Plaintiff Hani's visa was under the

exclusive authority of DHS, not the Department of State." *Id.* (relying on 6 U.S.C. § 236(b)(1) and (c)(1)-(2)). This is a new theory that neither the Court nor Defendants have previously addressed.

Notably, Plaintiffs do not plausibly allege that 22 C.F.R. § 42.43 divested the Consulate of authority to deny Hani's visa application. Section 42.43 does not say this, and the very limited case law the Court has found interpreting this provision does not, either. The Sixth Circuit, summarizing the regulation, has explained that "if a beneficiary is ineligible for 'immediate relative' status, or is otherwise ineligible for entry, a consular officer shall reject and return the petition to USCIS." *Hussein v. Beecroft*, 782 Fed. Appx. 437, 439 (6th Cir. 2019). In Hani's case, the Consulate rejected Hani's petition, but it is yet to be established whether the Consulate ever returned the petition to DHS for further proceedings.

Further, the statutes relied upon by Plaintiffs, see [42-2] at 30, do not support a conclusion that DHS had exclusive authority over the denial of Hani's visa. To the contrary—and as the Court explained in its prior opinion, see [41] at 13—6 U.S.C. § 236(b)(1) provides that "the Secretary [of DHS] shall *not* have authority to alter or reverse the decision of a consular officer to refuse a visa to an alien." (Emphasis added.) Although 6 U.S.C. § 236(c)(1) authorizes the Secretary of State to "direct a consular to refuse a visa to an alien if the Secretary of State deems such refusal necessary or advisable in the foreign policy or security interests of the United States," it does not limit a consulate's ability to refuse a visa itself. More generally, "Consular officers are authorized to grant to an alien the immediate relative or preference status accorded in a petition approved in the alien's behalf upon receipt of the approved petition or official notification of its approval." 22 C.F.R. § 42.41. But DHS's "approval of a petition does not relieve the alien of the burden of establishing to the satisfaction of the consular officer that the alien is eligible in all respects to

8

receive a visa." *Id*. "No visa or other documentation shall be issued to an alien" by a consular officer if, among other reasons, "the consular officer knows or has reason to believe that such alien is ineligible to receive a visa." 8 U.S.C. § 1201(g).

Here, the Consulate determined that Hani is ineligible to receive a visa on the basis of marriage fraud. That determination is unreviewable due to the doctrine of consular nonreviewability, as explained in the Court's earlier opinions, see [32], [41]; see also *Matushkina v. Nielsen*, 877 F.3d 289 (7th Cir. 2017) (explaining that the doctrine of consular nonreviewability applies even where "a plaintiff seeks to challenge a visa decision indirectly"). That said, 22 C.F.R. § 42.43 does appear to create an additional procedure to which Hani might be entitled without impeding the Consulate's discretion to deny visas. The Seventh Circuit has explained that, "[j]ust as a state may give its people more legally enforceable rights than a statute or a constitutional provision requires, so may a federal agency, by a regulation within its authority to issue, grant persons subject to its authority more legally enforceable rights than a statute or the Constitution gives them." *Samirah v. Holder*, 627 F.3d 652, 664 (7th Cir. 2010) (citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954)). "[R]ules promulgated by a federal agency, which regulate the rights and interests of others, are controlling upon the agency." *Id*.

In response to Defendants' motion to dismiss (though not in the SAC itself), "Plaintiffs request this Court to instruct the consular officer to return Plaintiff Raed's immigrant visa petition filed on behalf of Plaintiff Hani to the DHS if the officer believes the petition was approved in error pursuant to 22 C.F.R. § 42.43, and to further instruct the DHS to institute revocation proceedings in accordance with 8 C.F.R. § 205.2." [52] at 10. That relief—which is distinct from a declaration that the Consulate was wrong in determining that Hani is inadmissible under 8 U.S.C.

§ 1182(a)(6)(C)(i)—might be available without running afoul of the consular nonreviewability doctrine. See, e.g., *Moghaddam v. Pompeo*, 424 F. Supp. 3d 104, 113-14 (D.D.C. 2020) (doctrine of consular nonreviewability did not apply to U.S. citizen and his non-citizen wife's claims for writ of mandamus and declaratory and injunctive relief, where the couple alleged that Secretary of State and other officials had denied them timely adjudication of wife's visa application and associated waiver, where plaintiffs did not challenge initial denial of wife's visa application, but instead challenged defendants' failure to perform their mandatory, non-discretionary duty to adjudicate wife's waiver eligibility); *Ibrahim v. DHS*, 62 F. Supp. 3d 909, 933-34 (N.D. Cal. 2014) (doctrine of consular non-reviewability did not apply to consular officer's failure in his duty to advise plaintiff of her right to apply for a waiver after being found inadmissible). But the Court is hesitant to further opine on this new theory without input from Defendants.

The most obvious legal basis for obtaining an order requiring the consulate to perform the ministerial task set out in 22 C.F.R. § 42.43 would be a claim for writ of mandamus or an APA claim to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), rather than any of the claims set out in the proposed SAC. "A writ of mandamus is an extraordinary remedy, not lightly invoked, but it is available in an appropriate case for a litigant who can show that it has no other adequate means to attain relief to which it is clearly entitled." *In re A.F. Moore & Associates, Inc*., 974 F.3d 836, 839 (7th Cir. 2020). "District courts have the authority to issue a writ of mandamus to compel an agency to perform a duty owed to a plaintiff." *Calderon–Ramirez*, 877 F.3d at 275 (citing 28 U.S.C. § 1361). "'Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available.'" *Id*. (quoting *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002)).

Mandamus actions have been used to compel action by consulate and other immigration officials. See, e.g., *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275-76 (7th Cir. 2017); *Iddir*, 301 F.3d at 499; *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997). Similarly, under the APA, the Court is authorized to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); see also *Calderon-Ramirez*, 877 F.3d at 276; cf. *Singh v. Holder*, 2014 WL 117397, at *8 (N.D. Cal. Jan. 10, 2014) ("Relief under the federal mandamus statute and relief under section 706 of the APA are essentially equivalent when a plaintiff seeks an order compelling an agency to take action." (citing *Independence Mining Co. v. Babbitt,* 105 F.3d 502, 507 (9th Cir.1997); *Japan Whaling Ass'n v. American Cetacean Soc'y,* 478 U.S. 221, 230 n.4 (1986))). As the foregoing suggests, federal court orders to compel agency action often must satisfy exacting standards. But when the standards are met, the order may validly issue.

While these may be the most obvious legal theories, the Court will not limit Plaintiffs to a particular legal theory if they choose to file the new, more limited third amended complaint authorized by this order. Similarly, Defendants will be free to file a motion to dismiss or motion for summary judgment, as well. Finally, the Court notes that if Defendants were to present proof that the Consulate already returned Hani's petition, with a report of facts, for reconsideration by DHS, then any further action along the lines suggested above likely would be moot. See *Hussein*, 782 Fed. Appx. at 442; *Hussein v. Beecroft*, 2018 WL 3574717, at *4 (E.D. Mich. Aug. 25, 2018).

## IV. Conclusion

For these reasons, Plaintiffs' motion for leave to file SAC [42] and Defendants' motion to dismiss [47] are both granted in part and denied in part. Plaintiff is authorized to file a third amended complaint by March 23, 2021 limited to: (1) a claim that 22 C.F.R. § 42.43 required the Consulate to suspend action on Hani's petition and case and return the petition, with a report of

the facts, for reconsideration by DHS; and (2) relief in the form of an order requiring the Consulate to suspend action on Hani's petition and case and return the petition, with a report of the facts, for reconsideration by DHS.  If Plaintiffs choose instead to stand on the current complaint, they should so inform the Court by the same date listed above and the Court will enter a final and appealable judgment under Federal Rule of Civil Procedure 58 and terminate the case in this Court.


Dated:  February 22, 2021

_____
Robert M. Dow, Jr.
United States District Judge

12