IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAED AL KHADER, *et al.*, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-1355 |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| ANTONY BLINKEN, Secretary of the ) | |
| U.S. Department of State, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action brought by Plaintiffs Raed Al Khader ("Raed") and Hani Hasan Ahmed El Khader a/k/a Al Khader ("Hani"), pursuant to the Administrative Procedure Act ("APA"), against Defendants, Antony Blinken (U.S. Secretary of State), Martina Strong (Charge D'Affaires, Riyadh, U.S. Department of State), Alejandro Mayorkas (U.S. Secretary of Homeland Security), Merrick Garland (U.S. Attorney General), the U.S. Department of Homeland Security, and the U.S. Department of Justice. In their Third Amended Complaint [56-1], Plaintiffs seek to compel the consular office in Saudi Arabia to return their Form I-130 Petition to the U.S. Citizen and Immigration Services ("USCIS") for reconsideration. Currently before the Court is Defendants' Motion to Dismiss the Third Amended Complaint.[1] For the following reasons, the

---

[1] Previously, the Court has allowed Plaintiffs multiple opportunities to amend their complaint seeking to obtain relief from an administrative decision denying Plaintiff Hani an immigrant visa application and deeming Hani inadmissible to the United States. [See 32, 55.] In its most recent order [55], the Court granted Defendants' Motion to Dismiss the Second Amended Complaint [42-2] on the grounds that (a) Plaintiffs failed to state a claim upon which relief could be granted and (b) allowing further amendments would be futile to the extent that Plaintiffs were "seeking relief from the Consulate's decision that Hani is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for a material misrepresentation." [55, at 7]. In the same Order, the Court gave Plaintiffs one last chance to amend their complaint limited to a "claim that 22 C.F.R. § 42.43 required the Consulate to suspend action on Hani's petition and case and return the petition, with a report of the facts, for reconsideration by DHS." [*Id.* at 11-12]. Plaintiff filed the Third Amended Complaint on March 23, 2021. Knowledge of the Court's prior opinions is assumed here. See [32, 41, 55]. See also *Al Khader v. Blinken*, No. 18-CV-1355, 2021 WL 678701 (N.D. Ill. Feb. 22, 2021).

Defendants' Motion to Dismiss [61] is granted. A final judgment in favor of Defendants and against Plaintiffs will enter consistent with Federal Rule of Civil Procedure 58. Civil case terminated.

## BACKGROUND

I. **Procedural History**

Plaintiff Raed, a U.S. citizen, filed a Form I-130 immigrant visa petition seeking a visa for Hani, his non-citizen brother. U.S. Citizenship and Immigration Services ("USCIS") (an office of the U.S. Department of Homeland Security ("DHS")) approved the petition. However, the U.S. Consulate in Riyadh, Saudi Arabia, which must review petitions and decide whether to grant or deny a visa, denied Hani a visa. According to the consular officer, Hani was ineligible for the visa because he had engaged in marriage fraud years earlier, in a brief arranged marriage to Nadia Muna ("Muna") which ended in divorce.

In 2018, Plaintiffs filed a complaint against the U.S. Secretary of State, the Department of State, the Consulate, the U.S. Secretary of Homeland Security, DHS, the U.S. Attorney General, and the U.S. Department of Justice ("Defendants"). The Court's prior rulings [32, 55] have granted Defendants' motions to dismiss with leave to replead. The Court's most recent ruling allowed leave to replead on the narrow claim "that 22 C.F.R. § 42.43 required the Consulate to suspend action on Hani's petition and case and return the petition, with a report of the facts, for reconsideration by DHS." See [55, at 11-12].

The current iteration of Plaintiffs' complaint, the Third Amended Complaint, seeks to compel the consular office to return Plaintiffs' Form I-130 Petition to USCIS for reconsideration. Plaintiffs contend that Defendants violated the "Administrative Procedures Act, 5 U.S.C. §§ 702, 704, and 706," when they deemed Hani "inadmissible… based on alleged marriage fraud without

2

providing Plaintiffs an opportunity to rebut the allegations" and when they failed to return "the visa petition… to the DHS pursuant to 22 C.F.R. § 42.43." [56-1, at 27, 31-32].

In opposition to the Third Amended Complaint, Defendants, once more, seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that "22 C.F.R. § 42.43… does not apply in this matter and, therefore, the consular officer has no mandatory duty to return Plaintiffs'… Petition to USCIS for reconsideration." [61, at 1]. Defendants further assert that "the longstanding doctrine of consular nonreviewability prohibits" any indirect attempt by Plaintiffs to "challenge the consular officer's refusal of the visa application." [61-2, at 1-2].

## II.     Procedural Standards

In ruling on a motion to dismiss under Rule 12(b)(6), the Court "'accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Calderon–Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017) (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). However, the Court need not accept as true "'legal conclusions or unsupported conclusions of fact.'" *Community Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 825 (7th Cir. 2018) (quoting *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

3

### III. Allegations of Third Amended Complaint

The facts set out below are drawn from the Third Amended Complaint and are presumed true for purposes of this Rule 12(b)(6) Motion to Dismiss.[2] Every reasonable inference from the plausible and properly pled factual allegations have been made in favor of Plaintiffs' asserted claim for relief, as required for resolution of this Rule 12(b)(6) motion.

Following previous stints in the United States, Plaintiff Hani reentered the U.S. in July 1995 on an H-1B nonimmigrant visa. [56-1, at 15, ¶ 50]. While working and pursuing his graduate degree, Plaintiff Hani determined that he was ready to marry. Because it is against his religion to date, Hani sought help from his friends, Ahmad and Nada Ali, to introduce him to a suitable partner. *Id.* at 15-16, ¶ 52]. Following an introduction by the Alis to Ms. Muna and a series of customary visits between the Muna and Al Khader families, both families agreed to the marriage. *Id.* at 16-17, ¶¶ 52-56. Ms. Muna and Plaintiff Hani formalized their union at a marriage contract ceremony held at the Muna home on May 9, 1997. *Id.* at 19, ¶ 63. Several months into the marriage, the newlyweds' relationship began to deteriorate and on March 17, 1998, Ms. Muna filed for divorce. *Id.* at 20-21, ¶ 70. The divorce was granted by the Milwaukee County Circuit Court on October 27, 1998, and on December 13, 1998, the divorce was granted by an Imam under Islamic law. *Id.* at ¶¶ 74-75.

In January 2001, the legacy Immigration and Naturalization Service ("INS") initiated a fraud and criminal investigation into Hani regarding his marriage to Ms. Muna. [56-1 at 22, ¶ 77]. Following its investigation, which included a personal interview of Ms. Muna, INS produced an investigative report which contained statements allegedly made by Ms. Muna, but never received Ms. Muna's signature. [*Id* at 22-23, ¶¶ 77-78].

---

[2] The Court has culled out from the summary above any alleged facts in the Third Amended Complaint based on characterizations, legal conclusions, or legal theories.

Later that year, in September, Plaintiff Raed filed a Form I-130 immigrant visa petition on behalf of Hani. [56-1 at 23, ¶ 79]. Years later, on July 28, 2006, U.S. Citizenship and Immigration Services ("USCIS") (an office of the U.S. Department of Homeland Security ("DHS")) approved Raed's petition. [*Id.* at 2, ¶ 2]. Based on this approval, Plaintiff Hani applied for an immigrant visa with the U.S. Department of State in 2012. *Id.* On July 16, 2015, the U.S. Consulate in Riyadh, Saudi Arabia deemed Hani inadmissible under 8 USC 1182(a)(6)(C)(i) based on a consular officer's determination that Hani had made a material misrepresentation. [*Id.* at ¶ 4]. This determination was based on the legacy Immigration and Naturalization Service's ("INS") allegation that Plaintiff Hani had participated in marriage fraud through his short-lived marriage to Ms. Muna.

IV. **Analysis**

A. **Immigrant Visa Process Standards**

The Court begins its analysis by setting out the immigrant visa process as a backdrop for its consideration of the reach of 22 C.F.R. § 42.43 ("Section 42.43"). Generally, in order for non-Americans to enter the United States, they must have an immigrant or nonimmigrant visa. 8 U.S.C. §§ 1181(a), 1182(a)(7). Individuals seeking a visa based on a familial relationship with a U.S. citizen must follow the process articulated in the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. The INA's process consists of two key steps. *First,* the U.S. citizen must file a petition with USCIS on behalf of their non-American relative ("beneficiary"), requesting classification of that beneficiary as an immediate relative. See 8 U.S.C. § 1154(a)(1); 8 C.F.R. § 204(a)(2), (d)(2), (g)(2). *Second,* if USCIS grants the beneficiary such a classification, the beneficiary must then apply for a visa. See 8 U.S.C. §§ 1201(a), 1202(a).

B.     **Application of IVP Standards**

In the instant case, it is undisputed that Plaintiffs demonstrated, and USCIS acknowledged, Plaintiff Hani's status as an immediate relative. [61-2 (MTD), at 6]. Plaintiffs thus met the first requirement outlined in the INA process. It is the second requirement—that the consular office approve and extend a visa—where Plaintiffs fall short. The consular officer rejected Hani's visa application based on the officer's determination that Hani had made a material misrepresentation prohibited under 8 USC 1182(a)(6)(C)(i). [*Id.* at 6-7].

To be clear, the INA's two-step process focuses on different issues. The first step, approving Raed's Form I-130 petition, focused on Hani's relationship to Raed. Defendants do not contest the validity of Plaintiffs relationship as brothers. The second step, assessing Hani's eligibility to receive a visa, focused on Hani's individual history and background, separate and apart from his brother. 8 U.S.C. § 1202(b). The standards and eligibility requirements involved in this second step are different from those involved in the first step. The rejection of Hani's application at the second stage had nothing to do with his relationship with Raed; rather, the application failed based on what the consular officer found to be misrepresentations relating to his brief marriage to Nadia Muna. In other words, the factual determination that Plaintiffs are immediate relatives has no bearing on whether Hani previously "engage[d] in marriage fraud." [56-1 (3AC), at 26, ¶ 86].

As the Court previously has held, the doctrine of consular nonreviewability prohibits courts from directly or indirectly reviewing the consular officer's denial of the visa application. See [32], [41], [55]; see also *Matushkina v. Nielsen*, 877 F.3d 289 (7th Cir. 2017) (explaining that the doctrine of consular nonreviewability applies even where "a plaintiff seeks to challenge a visa decision indirectly"). The question raised in the Court's most recent ruling and amplified in

6

Plaintiffs' Third Amended Complaint is whether Section 42.43 provides an alternative basis for some kind of relief. The Court directed Plaintiffs to put forward their best attempt to articulate a claim on that basis, and they have done so. The parties have now fully briefed the legal issues.

To survive Defendants' motion to dismiss [61], Plaintiffs must plausibly state a claim for relief under Section 42.43. Plaintiffs have failed to do so. To begin, because no part of Section 42.43(a) applies in this case, the Court need not address Defendants' argument that the doctrine of consular non-reviewability would bar an indirect challenge to a visa denial. In 22 C.F.R. § 42.43(a), Congress directs that the "consular officer shall suspend action in a petition case and return the petition, with a report of the facts, for reconsideration by DHS", if any of three conditions exists. The first condition comes into play "if the petitioner requests suspension of action." *Id.* This condition does not apply here because Plaintiffs never requested suspension of the action. The second applies "if the officer knows or has reason to believe that approval of the petition was obtained by fraud, misrepresentation, or other unlawful means." *Id.* The word "petition" refers to the Form I-130 Petition which, in this case, was filed by Raed on behalf of Hani requesting that Hani be classified as an immediate relative. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154 (a)(1)(A)(i). No one contends that Plaintiff Hani procured the classification of Raed as an immediate relative through "fraud, misrepresentation, or other unlawful means." 22 C.F.R. § 42.43(a). The third condition under which the "consular officer shall suspend action" is if "the officer knows or has reason to believe… that the beneficiary is not entitled, for some other reason, to the status approved." *Id.* Again, no one has advanced any reason that Plaintiff Hani would not be entitled to classification as Raed's immediate relative.

Plaintiffs offer many additional assertions in support of their position, but all of these miss the mark as well. Plaintiffs allege "that DOS, legacy INS, and USCIS have acted in bad faith in

7

Plaintiff Hani's case" because there is "ample evidence" that Hani "entered into a good faith marriage with Ms. Muna." [56-1 (3AC), at 4, ¶ 10]. This argument fails because the challenged action here is the consular office's failure to return Plaintiffs' petition to USCIS for reconsideration and, as established, the consular office was under no obligation to do so and the Court lacks authority to second guess these decisions in any event.

Plaintiffs also suggest that the consular officer's rejection of Hani's visa application is not facially valid because USCIS had previously approved Plaintiffs Form I-130 Petition. [56-1, ¶¶ 86, 96-97]. As set forth above, Plaintiffs' argument misapprehends the visa application process outlined in the INA, 8 U.S.C. § 1101 *et seq*. An approved visa petition is not a visa, nor does it guarantee that a visa will be issued. 3A Am. Jur. 2d, ALIENS AND CITIZENS § 787. As such, it is not improper for a consular officer to reject a visa application after the applicant's Form I-130 petition was approved.

Finally, Plaintiffs' contention that DHS has exclusive authority to grant visas is incorrect. [56-1, ¶¶ 24-26, 103]. As set forth in 8 U.S.C. §§ 1104(a), 1201(a)(1), 1361, the decision whether to issue a visa rests with the consular officer.

## CONCLUSION

In sum, the Court has allowed Plaintiffs three opportunities to state a claim for relief of some kind from the consular officer's decision. None of those attempts has revealed a path forward. The Court therefore grants Defendants' motion to dismiss with prejudice and will enter a final judgment consistent with Federal Rule of Civil Procedure 58. Civil case terminated.

Dated: March 28, 2022

Robert M. Dow, Jr.
United States District Judge